UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS MACHADO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01067-DAD-HBK<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME<br><br>(Doc. Nos. 27, 30)<br><br>ORDER GRANTING PLAINTIFF'S FINAL EXTENSION OF TIME TO RESPOND TO DISCOVERY TO JANUARY 18, 2021<br><br>(Doc. No. 29)<br><br>ORDER GRANTING PLAINTIFF A LIMITED EXTENSION OF TIME<br><br>(Doc. 34)<br><br>ORDERD AMENDING DISCOVERY AND SCHEDULING ORDER<br><br>**Discovery Deadline:  March 12, 2021**<br>**Dispositive Deadline:  May 26, 2021**. |

　　　　This matter is before the Court upon initial review of the case, which recently was reassigned to the undersigned on November 17, 2020. (Doc. No. 32). Plaintiff Jared M. Villery, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983

on August 9, 2018. (Doc. No. 1). Plaintiff is proceeding only on his claims found cognizable by this Court. *See* Doc. Nos. 12, 13. Pending before the court are Plaintiff's motions: second motion for extension of time to respond to defendants' discovery filed August 28, 2020 (Doc. No. 27); third motion for extension of time to respond to defendants' discovery filed October 13, 2020 (Doc. No. 30); second motion to modify discovery and scheduling order filed October 27, 2020 (Doc. No. 31); and final motion for extension of time to respond to defendants' discovery filed December 9, 2020 (Doc. No. 34). Defendants timely filed responses in opposition to Plaintiff's various motions. *See* Doc. Nos. 28, 33, and 35. And, Plaintiff filed replies. *See* Doc. Nos. 29, 35.

Essentially, Plaintiff requests repeated extensions of time to respond to Defendants' discovery (Doc. Nos. 27, 30 and 34) and a second extension to the discovery and dispositive deadlines (Doc. No. 31). Specifically, Plaintiff requests until January 4, 2021 to serve his responses to Defendants' outstanding discovery and seeks a further 120-day extension to the discovery and dispositive deadlines previous granted by the Court on July 28, 2020. *See* Doc. No. 26.

As good cause, Plaintiff claims that due to the global healthcare pandemic he has limited ability to access his institution's law library and his litigation materials. Plaintiff further explains that he has other cases pending (both in this court and in state court) and he has had to allocate his restricted time in the law library between his multiple cases.

The Court is cognizant that as a *pro se* confined litigant Plaintiff must comply with his institution's regulations to gain access to his legal materials and the institution's legal resources. The Court further notes that the pandemic has placed institutions, such as prisons, in the arduous position of protecting prisoners' health and safety while ensuring their access to the courts. As Defendants point out and Plaintiff himself concedes, he has been afforded repeated access to his legal materials and the law library. While Plaintiff contends that his time must be apportioned between this and his other cases, he produces no evidence that he is under court-ordered deadlines

2

in his other cases or that he has requested, and been denied, extensions of time in those matters. No case can linger indefinitely on the Court's docket. Given that Plaintiff commenced this case in 2018 and has been afforded other extensions of time, but finding Plaintiff has articulated good cause, the Court will grant Plaintiff a limited and final extension of time to respond to defendants' discovery (to the extent he has not yet served his responses); and, will grant him a further sixty (60) days extension to the discovery and dispositive deadlines. The Court emphasizes to Plaintiff that these extensions are his final opportunity to complete discovery, as no further extensions will be granted absent Plaintiff demonstrating extraordinary circumstances.

Accordingly, it is now **ORDERED**:

1. Plaintiff's motion for extension of time (Doc. 34) is **GRANTED**. If Plaintiff has not already done so, he shall deliver to correctional officials for mailing his responses to Defendants' outstanding discovery requests **no later than January 18, 2021**.

2. Plaintiff's motions for extension of time (Doc. Nos. 27 and 30) are **DENIED as moot**.

3. Plaintiff's motion to modify discovery schedule (Doc. No. 31) is **GRANTED** to the extent the Court further amends the November 21, 2019 Discovery and Scheduling Order (Doc. No. 21) as follows:

> Discovery Deadline: March 12, 2021
> Dispositive Deadline: May 26, 2021.

IT IS SO ORDERED.

Dated:   January 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE