UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>             Plaintiff,<br><br>    v.<br><br>LUIS MACHADO, et. al.,<br><br>             Defendants. | Case No.  1:18-cv-01067-DAD-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART and FINDING MOOT PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. Nos. 37)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS to COMPEL AND FOR LEAVE TO FILE OVERDUE MOTION TO COMPEL<br><br>(Doc. Nos. 38, 39) |

Pending before the Court are Plaintiff's two motions to compel filed respectively on March 12 and March 22, 2021. (Doc. Nos. 37, 39). Plaintiff accompanied his March 22, 2021 (untimely) motion to compel with a motion seeking leave to file it despite its untimeliness. (Doc. No. 38). Defendants filed oppositions to Plaintiff's both motions. (Doc. Nos. 40, 41). Plaintiff filed replies. (Doc. Nos. 42, 43). After reviewing the parties' respective pleadings, the Court required the parties to telephonically meet and confer in an effort to resolve the discovery disputes, after which the parties were required to file a joint statement outlining what discovery issues remained in dispute. (Doc. No. 45). On July 19, 2021, the parties filed a Joint Statement. (Doc. No. 49).

///

# I. BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis* on his complaint filed pursuant to 42 U.S.C. § 1983 on August 9, 2018. (Doc. Nos. 1, 5). The Complaint alleges the following violations of the First Amendment stemming from various retaliatory acts that occurred in August 2014 and September 2014[1] in response to Plaintiff pursuing administrative grievances against Defendants: Defendant Gibbons trashed Plaintiff's cell and filed fabricated disciplinary charges; Defendant Machado obstructed Plaintiff's disciplinary hearing; Defendant Alatorre falsely accused Plaintiff of misconduct; and Defendant Coontz found Plaintiff guilty at a disciplinary hearing, falsified the hearing report, and threatened Plaintiff with false disciplinary charges. (Doc. No. 1). The Court's § 1915A screening determined Plaintiff adequately plead retaliation claims against the four named Defendants. (Doc. No. 12).

**A. March 16, 2021 Motion to Compel (Doc. No. 37)**

In his March 16, 2021 motion to compel, Plaintiff sought discovery concerning the following six general categories of documents: 1. Personnel and disciplinary records for each of the named Defendants; 2. All emails from February 1, 2014 through November 30, 2019 related to Plaintiff; 3. Grievances filed by non-party inmates at CCI against any of Defendants related to their unspecified behavior; 4. Rules Violations Reports against non-party inmates at which any of the Defendants were hearing officers; 5. Control Tower Logbooks; and 6. Housing Unit Cell Search Logbooks reflecting any cell searches by any Defendant. (*See generally* Doc. No. 37). According to parties Joint Statement, three outstanding discovery disputes remain unresolved: (1) whether Defendants must produce Defendants' disciplinary records and personnel files; (2) whether Defendants must produce all grievances filed by non-party inmates against Defendants; and (3) whether Defendants must produce all rules violation reports authored or heard by Defendants. (Doc. No. 49). The Court accordingly denies as moot the following discovery disputes raised in Plaintiff's March 16, 2021 motion to compel: 1. Request No. 6 for all emails "directly or indirectly related" to Plaintiff (Doc. No. 37 at 21, 84); 2. Request No. 3 to "produce

---

[1] The alleged acts of retaliation appear to stem from at least two unrelated events.

any and all pages from the Housing Unit Two Control Tower Logbooks, on Facility C at CCI, which reflect any all entries made from January 15, 2014 to November 30, 2014" (Doc. No. 37 at 29-30, 118); and 3. Request No. 3 to "identify and produce any and all pages from the Housing Unit Cell Search Logbooks, from every Housing Unity [sic] on Facility C at CCI, which reflect every cell that was searched, by an officer, on August 19, 2014" (Doc. No. 37 at 31, 124). The Court will address the unresolved discovery disputes below.

### B. March 25, 2021 Motion to Compel (Doc. No. 39)

In his March 25, 2021 motion to compel directed against Defendant Coontz, Plaintiff sought the "the Confidential Supplements, Attachment C, generated in connection with the following inmate Appeals: #CCI-0-14-02120; #CCI-0-14-02702; and #CCI-0-14-02703." (Doc. No. 39 at 11, 25). Plaintiff represents these were related to appeals he personally filed in 2014. (*Id.* at 11). The production of these supplements is not among the remaining discovery disputes following the meet and confer. (*See* Doc. 49). Therefore, because the sole discovery dispute raised in Plaintiff's untimely motion to compel appears to have been resolved by the parties during their meet and confer, the Court finds both Plaintiff's March 25, 2021 motion to compel and his motion for leave to file an untimely motion are moot.

## II. Standards of Review

### A. Rule 26 - Scope of Discovery Generally

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

///

**B. Fed. R. Civ. P. 34, Local Rule 250.3 - Production of Documents**

"A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect [and] copy . . . any designated documents . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). "The request must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond in writing within 30 days of being served that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ P. 34(b)(2).

### III.  Analysis

**A. Defendants' Disciplinary Records and Personnel Files**

Plaintiff's original request for production sought from each defendant

> all documents that comprise or are a part of your CDCR personnel file, which describe, reference, and/or are in any way related to, directly or indirectly, any and all adverse personnel and/or disciplinary actions that have been taken against you by the CDCR, for behavior which took place between January 1, 2008 and December 31, 2015, including but not limited to: (a) Letters of Instruction; (b) temporary and/or permanent demotions, reassignments, or pay decreases; (c) suspensions; (d) mandatory training; (e) on-the-job training;  as well as any and all documents which evidence the basis for why such action(s) were taken against you."

(Doc. No. 37 at 95-96).

Per the Joint Statement, the parties narrowed the dispute to all "disciplinary records and personnel files from each named Defendant." (Doc. No. 49 at 2 ¶¶ 8-9). Plaintiff argues such information is discoverable because it may indicate a pattern of misconduct and may pierce Defendants' credibility. (*Id.* ¶¶ 13-21). Defendants object, arguing the request is overbroad, irrelevant and that such information would be improper character evidence. (*Id.* ¶¶ 23-27).

The Court finds Defendants disciplinary records and personnel files are discoverable. Courts have recognized in § 1983 actions that evidence of other misconduct against defendants may be used for purposes other than character evidence, such as showing bias or a pattern or practice of unprofessional behavior. *Taylor v. O'Hanneson*, No. 11-CV-00538-LJO, 2014 WL 2696585, at \*5 (E.D. Cal. June 13, 2014); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412

4

(C.D. Cal. 2005). The Court will therefore order Defendants to produce these records from their personnel files, subject to certain limitations. Defendants need only produce records of grievances filed or disciplinary actions taken against them that involved retaliation, planting of evidence, or other dishonesty on the part of Defendants. Defendants may redact the name of witnesses and discussion of proprietary investigative techniques, and any additional information that does not address whether Defendants were accused of or found to have violated prison policy. The Court finds the time period from 2008 to 2015 to be overly expansive. The events giving rise to Plaintiff's claim allegedly occurred in 2014. For the sake of proportionality and relevancy, the Court will limit the time period for the production of these records to a four-year period: from 2011 to 2015.

Defendants argue that if the Court deems the personnel records discoverable, they should first be reviewed *in camera* because Defendants timely invoked official information privilege. (Doc. No. 40 at 7-10; Doc. No. 41 at 4-7; Doc. No. 49 at 2-3). Disclosing the personnel records, Defendants argue, would jeopardize the prison disciplinary process by exposing witness statements and the methods used to investigate officers. (*Id.*).

Government personnel files are considered official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). When the official information privilege is invoked, Courts should conduct an *in camera* review to determine whether the privileged documents relevancy compels their disclosure. *See*, e.g., *Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (internal citations omitted) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery."). This Court has routinely compelled the disclosure of documents despite the invocation of official information privilege. *See*, e.g., *Caruso v. Solorio*, No. 115CV00780AWIEPGPC, 2018 WL 2254365, at *2 (E.D. Cal. May 17, 2018); *Noble v. City of Fresno*, No. 116CV01690DADBAM, 2017 WL 5665850, at *8 (E.D. Cal. Nov. 27, 2017).

The Court recognizes the need to keep inviolate the prison disciplinary process.  By allowing prison officials to redact all information other than that showing a Defendant was accused of or found to have engaged in retaliation, planting of evidence, or other dishonest actions, the Court believes the process is protected.  The Court cannot definitively say whether it has done so, however, absent reviewing the disputed files. Therefore, if Defendants believe these redactions are insufficient to cure their concerns, they may submit the documents where official information privilege was invoked for *in camera* review.  The Court would then analyze whether the benefits of disclosing those documents outweigh the disadvantages.  If Defendants opt to submit those documents for *in camera* review they must be accompanied by the corresponding privilege log.  Defendants must still provide Plaintiff with any responsive personnel files where official information privilege was not claimed.

**B. All Grievances Filed by Non-party Inmates Against Defendants**

Plaintiff's original request for production sought from each defendant

> any and all inmate appeals, which have been classified as Staff Complaints or any other Subject, that have been filed by inmates at the California Correctional Institution ("CCI") other than Plaintiff, between January 1, 2009 and December 31, 2015, which are in any way related to your behavior, directly or indirectly.

(Doc. No. 37 at 99).

Per the joint statement, the parties narrowed the dispute to "all grievances filed by non-party inmates against Defendants that relate to their behavior over a several-year long period of time." (Doc. No. 49 at 3 ¶¶ 8-9).  Defendants object, arguing the request is irrelevant, overbroad and would chill participation in the prison investigatory and disciplinary processes.  (*Id.* ¶¶ 19-27).

The earlier discussed dispute concerning Defendants' disciplinary records and personnel files encompass grievances filed by non-party inmates, so the Court need not repeat its reasoning.  As with the disciplinary records and personnel files, Defendants must produce grievances implicating retaliation, planting of evidence, and dishonesty subject to the limitations previously described.  Defendants may redact the names of the non-parties to shield their identities.  The Court will permit Defendants to further redact any information that may reveal their identity – so

long as the grievances indicate whether Defendants were accused of or found to have engaged in retaliation or acts of dishonesty. (Doc. 49 at 3-4). The Court will again limit the period of relevance for these documents for a four-year period: from 2011 through 2015.

### C. All Rules Violation Reports Authored or Heard by Defendants

Plaintiff's original request for production sought:

> all Rules Violation Reports (RVR") [sic] for which you were the Reporting Employee, issued to inmates from January 1, 2011 through December 31, 2014, which were based on the charge of "POSSESSION OF DANGEROUS CONTRABAND".

(Doc. No. 37 at 122) (emphasis in original). The parties reframed the request as seeking "all rules violation reports authored or heard by Defendants." (Doc. No. 49 at 4 ¶¶ 4-5). Plaintiff argues these reports are relevant because they *may* show Defendants have a history of trumping up disciplinary charges. (Doc. No. 37 at 26-29). Defendants oppose producing the reports, contending they are irrelevant, overbroad, and that their production would be unduly burdensome. (Doc. No. 40 at 4-5). Defendants represent there is no database to search Rule Violation Reports and hearings by the name of the presiding officer, and that to comply with Plaintiff's request would involve manually sifting through each individual report, a process that would take several hundred hours. (Doc. No. 49-1 at 2 ¶¶ 4-6).

The fact that one or more of the Defendants may have presided over other disciplinary hearings involving similar charges against other non-party inmates is not relevant to the issues in this action. In particular, unless a non-party inmate challenged the findings, prevailed, and then filed a civil rights suit and prevailed on that suit, documents showing Defendants authored or heard similar RVRs is of no consequence. Arguably, records where a non-party inmate did prevail would be included in the previously granted documents concerning grievances lodged against Defendants.

Further, the Court finds the burden of producing these reports substantially outweighs their limited probative value given that there is no readily easy way for Defendants to identify these documents. A discovery request can be denied where the "burden that compliance would impose on CDCR outweighs the potential relevance." *Fernandez v. California Dep't of*

*Correction & Rehab.*, No. 2:11-CV-01125 MCE, 2014 WL 794332, at *4 (E.D. Cal. Feb. 27, 2014); *Garrett v. Walker*, 2007 WL 3342522 (E.D. Cal. Nov. 9, 2007) (finding defendants did not need to produce documents because the burden outweighed relevance).  Here, the burden of spending hundreds of hours manually reviewing Rules Violation Reports greatly outweighs whatever minimal probative value these Reports, if any, may provide. The Court accordingly finds Defendants need not respond further regarding this request.

Accordingly, it is **ORDERED**:

1. Plaintiff's March 16, 2021 motion to compel (Doc. Nos. 37) is GRANTED in part, DENIED in part, and mooted as follows:

    (a)  Plaintiff's Request Nos. 1 and 7 in Set One are GRANTED to the extent Defendants must produce within 21 days from the date of this Order any disciplinary records from Defendants' personnel files, and any grievances lodged against Defendants involving alleged acts of dishonesty, planting of evidence or retaliation by Defendants for the period 2011 through 2015.  Defendants may redact the name of complainant, witnesses, non-party inmates, and discussion of proprietary investigative techniques, and any information that does not address whether Defendants were accused of or found to have violated prison policy.  If after redacting this information Defendants believe some files where official information privilege was invoked pose a security risk, they may submit those documents for *in camera* review within 21 days of this Order.

    (b) Plaintiff's Request No. 1 from Set Two is DENIED and Defendants need not produce any rules violation reports authored or heard by Defendants.

    (c)  Plaintiff's remaining document requests in the March 16, 2021 are DENIED as moot.

2. Plaintiff's March 25, 2021 motion to compel (Doc. No. 38) is DENIED as moot.

8

3. Plaintiff's motion for leave to file overdue motion to compel (Doc. No. 38) is DENIED as moot.

Dated:   October 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE