UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS MACHADO, EDGAR COONTZ WILLIAM GIBBONS, TRAVIS ALATORRE,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01067-DAD-HBK<br><br>**ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>**NOTICE TO OPT OUT DUE BY June 3, 2022** |

　　　　Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. Nos. 1, 12, 13). Discovery has closed and dispositive motions were due in this case by July 26, 2021. (Doc. No. 45). No parties have filed a dispositive motion. *See generally* docket. Consequently, this case is procedurally postured for trial.

　　　　Prior to setting this matter for a telephonic trial confirmation hearing, the Court will afford the parties an opportunity to engage in alternative dispute resolution ("ADR"). As a matter of practice, the Court refers all civil rights cases filed by *pro se* individuals to ADR to attempt to resolve such cases more expeditiously and less expensively. *See* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time and expense of preparing for and engaging in trial. The Court therefore will continue a STAY of this action for 45 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in a settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference. If either party opts out or the settlement is unsuccessful the Court will set this matter for a telephonic trial confirmation hearing. The parties must advise the court of their intention to participate in ADR by June 3, 2022.

Accordingly, it is **ORDERED**:

1. The parties shall file a notice if they object to proceeding to a settlement conference of if they believe that settlement is not currently achievable no later than **June 3, 2022**. This action will remain **STAYED** until either party notifies the Court that they wish to opt out of a settlement conference or until such a settlement conference is held. No pleadings or motions may be filed in this case during the stay.

2. **If either party objects to a settlement conference the Court will lift the stay and set this matter for a telephonic trial confirmation hearing.**

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of Court is directed to serve Deputy Attorney General David E. Kuchinsky and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's complaint (Doc No. 1); the Court's screening Order and (Doc No. 12) and this Order.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and pendency of this action. Changes of address must be reported promptly in a

1  Notice of Change of Address.  *See* Local Rule 182(f).

Dated:   April 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3