UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>        Plaintiff,<br><br>    v.<br><br>LUIS MACHADO, EDGAR COONTZ, WILLIAM GIBBONS, TRAVIS ALATORRE,<br><br>        Defendants. | Case No.  1:18-cv-01067-ADA-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS<br><br>(Doc. No.  58) |

    Plaintiff, a state prisoner, who is proceeding pro se and *in forma pauperis* on his Complaint filed under 42 U.S.C. § 1983, filed a motion for the attendance of an incarcerated witness on September 23, 2022. (Doc. No. 58). Defendants did not file an opposition and the time to do so has expired. *See* docket; *see also* L.R. 230(l).

    Plaintiff seeks to bring one incarcerated witness to trial: Riginald Hardin. (Doc. No. 58). The gravamen of Plaintiff's complaint is that Defendants violated his First Amendment rights by retaliating against him for filing grievances. (Doc. No. 1). The complaint concerns a series of incidents that occurred on various dates between August and September 2014. (*Id*.). Mr. Hardin purportedly heard and saw an incident between Defendant Alatorre and Plaintiff, which occurred on September 10, 2014. (Doc. No. 58 at 2-3).

    "The determination whether to issue a writ of habeas corpus ad testificandum rests within

the sound discretion of the district court." *Cummings v. Adams*, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). *Accord Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). In determining whether to grant a motion for the attendance of incarcerated witnesses, the court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983). *See also Lopez v. Cate*, 2016 WL 3940341, at *2 (E.D. Cal. July 20, 2016).

After conducting a "cost-benefit analysis regarding whether the inmate should come to court," *Cummings*, 2006 U.S. Dist. LEXIS 9381 at *7, the Court finds Mr. Hardin should be brought to court to testify. As stated *supra*, Defendants did not file an opposition to Plaintiff's motion. Plaintiff has shown that the testimony of Mr. Hardin will further the resolution of this case. Mr. Hardin is an ear and eyewitness to events relevant to Plaintiff's case that occurred between Plaintiff and Defendant Alatorre on September 10, 2014. There is no indication that transportation of Mr. Hardin presents a security risk, and neither party has argued that the case should be stayed until Mr. Hardin is released. Moreover, given the age of this case, staying the case would be prejudicial. There are also no arguments that the transportation of Mr. Hardin is not cost effective.

In ruling on this motion, the Court is not making any evidentiary rulings. The Court is only conducting a cost-benefit analysis to determine whether Mr. Hardin should be brought to court as a witness. Thus, nothing in this order prevents Defendants from filing motions in limine to exclude testimony or witnesses, or from objecting to testimony at the trial, or requesting that Mr. Hardin be permitted to testify via videoconference.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for the attendance of an incarcerated witness (Doc. No. 58) is GRANTED.

2. Absent further order of the Court, approximately one month before the trial, the

Court will issue writs of habeas corpus ad testificandum to have Riginald Hardin, CDCR #G-52257, brought to court to testify at trial.

  3. IT IS FURTHER ORDERED that the parties shall meet and confer about whether the witness identified in this motion should appear by video.  If there is an agreement about any witness, the parties shall file that agreement no later than November 25, 2022, in which case the Court will issue writs for video conference appearance for this witness.  If the parties do not file a notice by this date, the Court will issue writs for in-person testimony for this witness.

  4. The Clerk of Court shall mail a copy of this Order on inmate Riginald Hardin, CDCR #G-52257 so inmate Hardin is aware that his attendance and testimony is required in the trial in this matter.

Dated:   October 24, 2022

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE